## NEGLIGENCE IN FAILING TO SEE AN APPROACHING TRAIN.

Circuit Court of Crawford County.

THOMAS BARTON v. THE C., C., C. & ST. L. R. R. Co.*

Decided, September 30, 1904.

*Injury to a Section Hand—Who Failed to See an Approaching Train—Circumstances when Failure to Give Warning of Train's Approach is not Negligence.*

When a section hand, at work beside a railway track in the full light of day, failed to see or hear a train approaching on a track which was straight for more than a mile and was struck and injured by it, though a movement of a few inches only would have prevented

*Affirmed by the Supreme Court without report, 74 Ohio State, 479.

the accident, he can not recover damages therefor, notwithstanding he was given no warning of the train's approach by either the engineer or the section boss.

*Finley & Gallinger* and *Charles Schafer,* for plaintiff in error. *Dan Babst, Jr.,* and *Cummings, McBride & Wolfe,* contra.

Norris, J,; Day, J., and Mooney, J., concur.

This is an action in error. The suit below was for recovery for damages for personal injury. The plaintiff below was a section hand working for defendant on its railroad at Crestline. When injured he was engaged in removing fish plates from rails which were lying outside the ties of defendant's tracks. While so engaged, he was struck by one of defendant's trains moving along said track and by this sustained the injury for which he seeks to recover. He was under the control of defendant's section boss, who stood near when the accident occurred.

The negligent acts laid to defendant which are claimed to sustain plaintiff's action and fixes defendant's liability, are that the section boss stood close and saw the approaching train, knew of plaintiff's dangerous position and gave him no warning of his danger, though he might have warned him in time to have saved him from injury; that the accident was on a portion of plaintiff's road where the view from the approaching train was unobstructed and plain for a long distance, and with plaintiff in full view of the engineer in charge of said train for nearly a mile, the engineer ran the train against plaintiff, and sounded no whistle and rang no bell, and gave no warning signal to plaintiff, which might have apprised him of the train's approach and of his danger, and did not make any effort to stop the train and save plaintiff from injury; that the section boss and the engineer knew all this, and knowing plaintiff's danger and knowing that he did not see and did not hear the approaching train failed to do the things they ought to have done to save plaintiff from injury, and that their failure amounted to wanton negligence, and by reason thereof defendant is liable as one guilty of wreckless disregard of plaintiff's rights which amounts to bad faith.

The answer denies and says that if plaintiff was injured, his injury was caused by his failure to care for his own safety and not by negligence of the defendant.

This reply is a denial. Upon the issues joined by the pleading and the evidence, the case came on for a trial to a jury in the common pleas court, and after the plaintiff had introduced his evidence and rested his case, the court upon motion on the behalf of the defendant arrested the further trial of the issues and directed the jury to return its verdict for the defendant, which was done accordingly. The plaintiff filed his motion for judgment notwithstanding the verdict, which was overruled. Plaintiff's motion for a new trial was interposed and overruled, and jury rendered a verdict for the defendant.

To reverse this judgment and proceeding of the trial court, plaintiff filed his petition in error here and assigned for causes of error:

1st. Error in sustaining the motion to direct a verdict for defendant.

2d. Error in directing the verdict, and in overruling plaintiff's motion for judgment notwithstanding the verdict, and in overruling plaintiff's motion for a new trial.

3d. That the judgment is for the defendant when it should have been for the plaintiff.

We find no error in the proceeding of the trial court which warrants reversal. There is no evidence in the record tending to show that the defendant was negligent as alleged in the petition, or was negligent at all. This accident occured about 11 o'clock in the forenoon. The plaintiff was removing fish plates from rails which had been moved from the track outside of the ties to a distance of about 2½ feet from the track rail. He was far enough away from the track, and only placed his head in such position as that it might be struck by a passing train by assuming a stooping position; if he had stood straight he would not have been injured. He had been in the employ of the railroad company for several years; he says that while he was ordered to do the work by the section boss, he had no instruction except to "take the wrench and remove the plates." He had been warned to look for approaching trains. The view was unobstructed for

nearly a mile; it was the middle of the day; others working with him heard the train approach, yet he says he did not hear and did not see and did not try to hear or see and did not think about the train. The engineer could see him, and no doubt did see him, and saw others working with him arise and assume a position of safety though he rang no bell and sounded no whistle. The engineer had good right to believe that plaintiff would do the same, and so did the section boss—that plaintiff would straighten up and save contact with the train.

All these facts refute the hypothesis that defendant through its servants, the engineer and section boss, or either of them were guilty of such negligence as amounted to wantonness and bad faith toward the plaintiff.

Upon the other hand, the evidence does show that the plaintiff refused to exercise every effort, either physical or mental, to care for his own safety, when by the exercise of the least care whatever, he might have saved himself from injury.

We are of the opinion that the trial court was warranted in arresting the testimony and directing the verdict for the defendant and so do affirm the judgment.